Tracy M. HAYNES, Appellant–
Plaintiff Below,

v.

Charles CONTAT, Appellee–
Defendant Below.

No. 71A03–9402–CV–70.

Court of Appeals of Indiana,
Third District.

Dec. 6, 1994.

Joseph V. Simeri, Butler and Simeri, P.C., South Bend, for appellant.

Daniel B. Griffith, Indiana Civil Rights Com'n, Indianapolis, for amicus curiae.

James A. Masters, Nemeth, Masters & Schroeder, South Bend, for appellee.

## OPINION

STATON, Judge.

Tracy Haynes ("Haynes") appeals the trial court's dismissal of her action against Charles Contat ("Contat"). Haynes presents the following restated issue for our review: whether the trial court erred in dismissing Haynes' claim based on the expiration of the statute of limitations.

We affirm.

The facts most favorable to Haynes reveal that on September 2, 1986, Haynes filed a complaint with the Indiana Civil Rights Commission ("ICRC"). Her complaint alleged that Contat's refusal to lease rental property to her constituted unlawful race discrimination. Contat failed to appear, and the ICRC found in favor of Haynes, thereby assessing damages against Contat. The ICRC's order became effective on March 22, 1991. Contat failed to pay, and on July 15, 1993, Haynes filed an action in St. Joseph Circuit Court seeking enforcement of the order. Contat filed ·a motion to dismiss, alleging that Haynes' action was barred by a two-year statute of limitations. The trial court granted Contat's motion and this appeal ensued.

Contat brought his motion to dismiss pursuant to Ind.Trial Rule 12(B)(6). In determining whether a complaint should be dismissed under this rule, facts alleged in the complaint must be taken as true. Dismissal is appropriate only where it appears that under no set of facts could plaintiffs be granted relief. *Thiele v. Ind. Dept. of Highways* (1985), Ind.App., 472 N.E.2d 1274, 1275. Where the facts are not in dispute, our task is to determine the law applicable to the undisputed facts and whether the trial court correctly applied the law. *United Farm Bureau Mutual Ins. Co. v. Steele* (1993), Ind.App., 622 N.E.2d 557, 560, *trans. denied.* The appellate court may affirm the decision of the trial court even if sustainable on grounds different from those reflected in the trial court's order. *City of Tipton v. Baxter* (1992), Ind.App., 593 N.E.2d 1280, 1282.

Haynes brought her action to enforce the ICRC's final order pursuant to IND. CODE § 4–21.5–6–3 (1993), which provides that "[a]ny party to a proceeding concerning an agency's order may file a petition for civil enforcement of that order." This statutory provision contains no limitations period for bringing an enforcement action. The determination of the applicable limitations period for the statute at bar is a case of first impression for this court.

The trial court dismissed Haynes' complaint based on the limitations period found in IND. CODE § 34–1–2–2(1), which requires that an action for "injuries to person or character, for injuries to personal property, and for a forfeiture of penalty given by statute" be brought within two years of the occurrence. The trial court determined that because the substance of Haynes' action was unlawful race discrimination, it was best analogized to actions brought under federal law, specifically 42 U.S.C. § 1981 and 42 U.S.C. § 1983. The Seventh Circuit Court of

Appeals has determined that I.C. 34–1–2–2(1)'s two-year statute of limitations applies to actions brought under 42 U.S.C. §§ 1981 and 1983. *Movement for Opportunity and Equality v. General Motors Corp.* (1980), 7th Cir., 622 F.2d 1235, 1244. In so doing, the court expressly rejected application of the "catch all" limitations period in IND. CODE § 34–1–2–3, which at that time was fifteen years.[1] *Id.* at 1242. Accordingly, the trial court applied the two-year limitations period to Haynes' complaint.

Haynes argues that the trial court erred in its characterization of her cause of action as analogous to federal civil rights claims. According to Haynes, hers is not a action seeking redress for unlawful race discrimination. Although race discrimination was the subject of her original complaint, the issue has been fully adjudicated. Any further hearing on the merits was lost when Contat failed to seek judicial review of the ICRC's determination. Because her court action seeks only to judicially enforce the ICRC's final determination, and not to adjudicate a race discrimination claim, she should not be bound by the two-year limitations period. Instead, the ten year "catch all" period in I.C. 34–1–2–3 should apply, making her complaint timely and dismissal improper.

We agree with Haynes to the extent that we do not find the rationale in *Movement for Opportunity, supra,* particularly applicable to this case. The Seventh Circuit's rationale hinged on bringing the substantive claim within a shorter period of time (two years instead of fifteen), to ensure the availability of witnesses, the recollection of relevant events and the preservation of evidence. In this case, the ICRC resolved the merits of Haynes' discrimination action in her favor; Contat did not seek judicial review. As a result, there is no cognizable substantive civil rights action for which witnesses and evidence would need to be preserved. The substance of this action is enforcement of a written agency determination, and the trial court erred when it concluded that the underlying action is one of race discrimination.

■ However, this does not change the result. We believe the two-year limitations period best applies to Haynes' case. When the agency awarded her money damages, it awarded her a "chose in action": a personal property right not reduced to possession but recoverable in a court of law. BLACK'S LAW DICTIONARY 305 (4th Ed.1968). Judge Najam's language in *Browning v. Walters* (1993), Ind.App., 616 N.E.2d 1040, *modified on other grounds,* 620 N.E.2d 28, is instructive:

> Browning owns a money judgment against Great Country, and a judgment is personal property. *See Wilson v. Brookshire* (1890), 126 Ind. 497, 506, 25 N.E. 131, 134. Personal property includes not only the property itself, but all of the owner's rights and interests in that property. *Rush v. Leiter* (1971), 149 Ind.App. 274, 278, 271 N.E.2d 505, 507. Browning alleges, in effect, that Walters violated his rights and interests in the judgment. However, even if Browning's claim against Walters in Count III could be construed to state a claim for violation of Browning's property interest in the judgment, that claim would be barred by the two-year statute of limitations for injuries to personal property. *See* IND. CODE § 34–1–2–2(1).

*Id.* at 1047.[2] Haynes' enforcement action sought to reduce to possession her property interest in the ICRC's determination of money damages. As such, her claim falls under I.C. 34–1–2–2(1)'s two-year statute of limita-

---

1. I.C. 34–1–2–3 has since been amended to provide that "all actions not limited by any other statute shall be brought within ten (10) years."

2. This characterization of the ICRC's determination of Haynes' damages as a "money judgment" should not be confused with a judgment of a court of record, for which a ten year statute of limitations applies. IND. CODE § 34–1–2–2(6). It is well settled that an administrative determination does not have the force and effect of a judgment rendered by a court of law:

> An administrative officer charged with the administration of the laws enacted by the General Assembly necessarily exercises a discretion partaking of the characteristics of the judicial department of the government, but does not have the force and effect of a judgment.

*Financial Aid Corporation v. Wallace* (1939), 216 Ind. 114, 23 N.E.2d 472, 475. In light of this well settled rule, we decline the *amicus'* invitation to give the ICRC's determination the force and effect of a judgment of a court of law.

tions for actions based on injury to personal property.[3]

Affirmed.

GARRARD and SULLIVAN, JJ., concur.

---

**3.** This conclusion is consistent with the intent of the Indiana General Assembly in providing laws governing administrative adjudication. The legislature intended to establish uniform and efficient methods for resolution of claims as well as a uniform method of judicial review from administrative decisions. *See State ex rel. Ale House, Inc. v. Rueger* (1980), Ind.App., 406 N.E.2d 292, 294, *trans. denied.* We believe this premise ap-

plies equally to judicial enforcement of administrative decisions. Uniform enforcement is better achieved by a shorter limitations period, in that the effect of the administrative determination may be more definitively ascertained for reference in future administrative actions.

