# FOR PUBLICATION



ATTORNEYS FOR APPELLANT:

**JON C. ABERNATHY**
**ANDREW B. JANUTOLO**
Goodin Abernathy, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES:

**KATHLEEN A. KILAR**
**ANDREW S. WILLIAMS**
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHRISTOPHER HALTERMAN, | ) | |
| | ) | |
| Appellant-Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 01A04-1211-CT-558 |
| | ) | |
| ADAMS COUNTY BOARD OF | ) | |
| COMMISSIONERS, ADAMS COUNTY | ) | |
| SHERIFF, CHARLES PADGETT, | ) | |
| ADAMS COUNTY SHERIFF'S | ) | |
| DEPARTMENT and ADAMS COUNTY JAIL, | ) | |
| | ) | |
| Appellees-Defendants. | ) | |

APPEAL FROM THE ADAMS CIRCUIT COURT
The Honorable Frederick A. Schurger, Judge
Cause No. 01C01-1009-CT-8

**July 18, 2013**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Christopher Halterman appeals a summary judgment for Adams County Sheriff Charles Padgett.[1] He presents two issues for our review:

1. Whether the trial court abused its discretion when it denied Halterman's motion to strike Dr. Bev House's affidavit; and

2. Whether the trial court erred when it granted summary judgment in favor of Sheriff Padgett.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Between March 19, 2009, and April 10, 2009, Halterman was incarcerated in the Adams County Jail. On April 4, he submitted a medical request form concerning boils on his buttock. On April 6, a nurse practitioner examined Halterman and determined he had a "small raised area, with some redness extending approximately 1 cm from the raised area. There was no drainage[.]" (App. at 99.)

Halterman submitted another medical request form on April 8, and the nurse practitioner examined him the same day. She referred Halterman to Adams Memorial Hospital for "outpatient surgery for incision and drainage of his right buttocks abscess." (*Id.* at 99-100.) On April 10, the nurse practitioner examined Halterman as part of a post-hospital check, and sent Halterman to the emergency room, where it was discovered he had developed

---

[1] Halterman does not appeal the grant of summary judgment in favor of the Adams County Board of Commissioners, Adams County Sheriff's Department, and the Adams County Jail. However, a party of record at the trial court is a party on appeal, and therefore, these parties are included when referencing "Defendants" in this opinion.

a Methicillin-resistant staphylococcus aureus (MRSA) infection. Halterman ultimately underwent multiple surgeries, including a colostomy.

On September 22, 2010, Halterman filed suit against the Defendants and Sheriff Padgett, claiming negligence in the treatment of his abscess. Defendants and Sheriff Padgett moved for summary judgment. Halterman filed a Motion to Strike the Affidavit of Dr. Bev House, and Defendants and Sheriff Padgett filed a Motion to Strike a portion of Halterman's designated evidence.

The trial court denied Halterman's Motion to Strike, granted Defendants' and Sheriff Padgett's Motion to Strike, and granted summary judgment for all Defendants except Sheriff Padgett. The trial court later granted summary judgment for Sheriff Padgett.

**DISCUSSION AND DECISION**

1.    Motion to Strike

We review for an abuse of discretion a trial court's decision on a motion to strike. *Kroger Co. v. Plonski*, 930 N.E.2d 1, 5 (Ind. 2010). We will reverse only when the decision is clearly against the logic and effect of the facts and circumstances. *Id.* Halterman argues Dr. House's affidavit should have been stricken because it was based on insufficient evidence and the conclusions therein were speculative and based on inadmissible evidence. We disagree.

"Affidavits submitted in support of or in opposition to a motion for summary judgment may be stricken for a variety of reasons. But a difference of opinion is not to be one of them." *Id.* An expert witness must have sufficient facts or data on which to form an

3

opinion. *Burp v. State*, 612 N.E.2d 169, 172 (Ind. Ct. App. 1993). For an expert opinion to be admissible, the expert must be qualified and "the scientific principles upon which the expert testimony rests [must be] reliable" as determined by the trial court. Indiana Rule of Evidence 702. Experts may testify to opinions based on inadmissible evidence if it is of the type reasonably relied on by experts in the field. *Bunch v. Tiwari*, 711 N.E.2d 844, 848 (Ind. Ct. App. 1999). An expert witness "need not base her opinion on personal knowledge if the opinion is based on evidence of a type normally found reliable and customarily relied upon by others in the witness's profession or area of expertise." *Id*. at 849.

Dr. House stated in his affidavit he reviewed Halterman's complaint for damages; the Adams County Jail records, which included all of Halterman's requests for medical treatment, not just those related to the instant case; the Adams County Hospital Records; the nurse practitioner's records and deposition; and Halterman's deposition. An expert's affidavit may be based on medical records and the depositions of the parties. *Id*. at 848-49. Dr. House relied on the kinds of designated evidence we determined in *Bunch* was appropriate in the medical field, and therefore the trial court did not abuse its discretion when it denied Halterman's motion to strike Dr. House's affidavit.

2.    Summary Judgment

The standard of review of a summary judgment is the same as that used in the trial court: summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Lean v. Reed*, 876 N.E.2d 1104, 1107 (Ind. 2007). In determining whether summary judgment is appropriate, we

construe all facts and reasonable inferences in favor of the nonmoving party. *Jackson v. Scheible*, 902 N.E.2d 807, 809 (Ind. 2009). Our review is limited to those materials designated to the trial court. *Mangold ex rel. Mangold v. Ind. Dep't of Natural Res.*, 756 N.E.2d 970, 973 (Ind. 2001). We must carefully review a decision on summary judgment to ensure a party is not improperly denied its day in court. *Id.* at 974. We affirm summary judgment on any legal basis supported by the designated evidence. *Cincinnati Ins. Co. v. Davis*, 860 N.E.2d 915, 922 (Ind. Ct. App. 2007). The appellant bears the burden of persuading us summary judgment was erroneous. *Id.*

To prevail on a claim of negligence, a plaintiff must demonstrate: "(1) duty owed to plaintiff by defendant; (2) breach of duty by allowing conduct to fall below the applicable standard of care; and (3) compensable injury proximately caused by defendant's breach of duty." *Williams v. Cingular Wireless*, 809 N.E.2d 473, 476 (Ind. Ct. App. 2004), *trans. denied*. Summary judgment is appropriate in a negligence action where defendant demonstrates "that the undisputed material facts negate at least one element of plaintiff's claim." *Jacques v. Allied Bldg. Servs. of Ind.*, Inc., 717 N.E.2d 606, 608 (Ind. Ct. App. 1999).

Causation may not be inferred merely from the allegation of a negligent act. *Midwest Commerce Bank Co. v. Livings*, 608 N.E.2d 1010, 1013 (Ind. Ct. App. 1993). To prove causation, a plaintiff must present specific facts that would demonstrate the defendant's allegedly negligent behavior caused the plaintiff's injuries. *Id.* If the defendant establishes the lack of that causation, summary judgment is appropriate. *Id.*

In granting summary judgment in favor of Sheriff Padgett, the trial court found Halterman had not demonstrated any action by Sheriff Padgett caused the MRSA infection he suffered as a result of the abscess. Halterman argues summary judgment was improper because genuine issues of material fact regarding the element of breach of duty and causation remain, including the date Bates first examined Halterman, the date Halterman first reported his condition, and the size of Halterman's abscess.

In deciding the Defendants' actions did not cause Halterman's injuries, the trial court found:

> [E]ven assuming arguendo that Halterman could create an issue of fact as to any supposed breach, Halterman cannot carry his burden on the element of "causation". [sic] The Defendants have designated the Affidavit of Bev. P. House MD. Dr. House has opined:
>> MRSA is spread through direct skin-to-skin contact. Mr. Halterman's MRSA infection was not caused by any condition of the Adams County Jail; meaning, contrary to Mr. Halterman's belief as stated during his deposition testimony that the Adams County Jail was "dirty", [sic] that was not the cause of Mr. Halterman's MRSA abscess, MRSA infection and the subsequent treatment that that condition required, specifically the hospitalizations(s) and the surgical procedures, which included performance of a colostomy.
>> It cannot be stated with any degree of medical certainty that the outcome for Mr. Halterman would have been different if he had been examined at any time between Alicia Bates, NP's examinations of April 6, 2009 and April 8, 2009 at 11:20am. [sic] It would be pure speculation to state that any treatment rendered to Mr. Halterman between April 6, 2009 and that rendered on April 8, 2009 would have prevented the development of the MRSA abscess, MRSA infection and the progression of that condition which later required surgical intervention and treatment, including performance of a colostomy.
> (House Affidavit, ¶¶ 14 and 15).
>> In short, Halterman cannot establish that any act of the Defendants

6

caused his condition (the MRSA abscess/MRSA infection) or the injuries he suffered from the MRSA abscess/MRSA infection. The defendants have affirmatively designated evidence showing lack of causation.

Halterman cannot prove "causation." [sic] Absent factual evidence designated to the trial court, negligence cannot be inferred from the mere fact of an injury and summary judgment must be granted in favor of the Defendants where there is an absence of evidence.

(App. at 10-11.)

We agree with the trial court. Halterman has not directed us to any designated evidence that would permit an inference that his injuries were caused by Sheriff Padgett. In his response to Defendants and Sheriff Padgett's motion for summary judgment, he alleged the "dirty condition at the jail" (*id*. at 183), caused his MRSA infection, but did not indicate how the allegedly unclean conditions did so. In addition, he did not designate any evidence indicating earlier medical intervention or a different treatment strategy would have changed the outcome of his situation. Summary judgment for the Sheriff Padgett was appropriate because Halterman was unable to make out a *prima facie* case for negligence, *i.e.*, Sheriff Padgett has successfully negated the required causation showing.

## CONCLUSION

The trial court did not abuse its discretion when it denied Halterman's motion to strike the affidavit of Dr. House, and Sheriff Padgett was entitled to summary judgment because Halterman could not show any action or lack thereof by Sheriff Padgett caused Halterman's injury. Accordingly, we affirm.

Affirmed.

BAKER, J., and MATHIAS, J., concur.

7