## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 23 2019, 9:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David Paul Allen
Hammond, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Patrick Coughlin, | May 23, 2019 |
| *Appellant-Respondent,* | Court of Appeals Case No. 18A-PL-2846 |
| v. | Appeal from the Lake Superior Court |
| State of Indiana ex rel. Indiana Department of Workforce Development, | The Honorable Bruce D. Parent, Judge |
| *Appellee-Petitioner* | Trial Court Cause No. 45D04-1801-PL-3 |

**Crone, Judge.**

# Case Summary

[1] After the Indiana Department of Workforce Development ("DWD") determined that Patrick Coughlin received unemployment compensation benefits to which he was not entitled, the State of Indiana filed a verified petition for civil enforcement of the DWD's determination. Coughlin moved for summary judgment, asserting that the State's claim was filed outside the applicable statute of limitations. The State filed a cross-motion for summary judgment on the merits of its claim. Coughlin then filed a motion to strike portions of the evidence that the State designated in support of its cross-motion. The trial court issued an order denying Coughlin's motion for summary judgment and his motion to strike and granted the State's cross-motion for summary judgment.

[2] Coughlin now appeals. He contends that he is entitled to summary judgment because the State's claim is barred by the statute of limitations. He also argues that the trial court abused its discretion in denying his motion to strike because the State's designated evidence does not satisfy certain evidentiary rules pertaining to affidavits and authenticity. Finding no error, we affirm.

# Facts and Procedural History

[3] Coughlin applied for and received unemployment compensation benefits in fiscal years 2009 and 2010 through the DWD. Subsequently, the DWD investigated his claims and concluded that he had failed to report income that he had earned during the relevant time period. The DWD mailed Coughlin

determinations of eligibility and notices of potential overpayment, informing him that it had determined that he "knowingly failed to disclose or falsified material facts," which, if known, would have rendered him ineligible for benefits. Appellant's App. Vol. 2 at 27-33. The determinations of eligibility informed Coughlin that he had received $8102.00 to which he was not entitled, that penalties for the fraud would be assessed, and that interest on the balance due would accrue monthly. *Id*. Further, the determinations of eligibility informed Coughlin that they would become final unless appealed within ten days. *Id*. Coughlin did not appeal. On January 30, 2012, the determinations of eligibility became final.

[4] On January 8, 2018, the State filed a verified petition for civil enforcement of the determinations of eligibility, alleging that Coughlin had failed to disclose material facts which would have made him ineligible to receive unemployment compensation benefits, resulting in an overpayment of $8102.00 and resulting penalties of $4486.25. The petition was verified by the DWD's keeper of records, Whitney Cobb, and the notices of potential overpayment and the determinations of eligibility were referenced in and attached to the petition as exhibits. *Id*. at 20-33.

[5] In June 2018, Coughlin filed a motion for summary judgment, supporting memorandum, and designated evidence, asserting that the State's petition for civil enforcement was filed outside the applicable period of limitations. In August 2018, the State filed a cross-motion for summary judgment and opposition to Coughlin's motion for summary judgment with a supporting

memorandum and designated evidence. The State argued that its petition was timely and that "the undisputed facts of this case permit the court to determine that after offsets, tax interceptions, and payments [Coughlin] is indebted to [the State] in the amount of $11,592.03 plus continually accruing interest at one-half percent per month." *Id*. at 77. Coughlin then filed a motion to strike portions of the State's designated evidence.

Following a hearing in October 2018, the trial court issued an order denying Coughlin's motion for summary judgment, denying his motion to strike, and granting the State's cross-motion for summary judgment. This appeal ensued.

## Discussion and Decision

## Section 1 – The trial court properly denied Coughlin's motion for summary judgment.

Our review of summary judgments is well settled:

> The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which can be determined as a matter of law. The party moving for summary judgment has the burden of making a prima facie showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. If the moving party meets its burden, the burden then shifts to the nonmoving party whose response must set forth specific facts indicating that there is an issue of material fact. Any doubts as to any facts or inferences to be drawn from those facts must be resolved in favor of the nonmoving party.

We review a summary judgment ruling de novo. A trial court's findings and conclusions offer insight into the rationale for the court's judgment and facilitate appellate review but are not binding on this Court. Moreover, we are not constrained to the claims and arguments presented to the trial court, and we may affirm a summary judgment ruling on any theory supported by the designated evidence. Cross-motions for summary judgment do not alter this standard or change our analysis. The party that lost in the trial court has the burden of persuading us that the trial court erred.

*Denson v. Estate of Dillard*, 116 N.E.3d 535, 539 (Ind. Ct. App. 2018) (citations and quotation marks omitted). "The defense of a statute of limitation is peculiarly suitable as a basis for summary judgment." *LaCava v. LaCava*, 907 N.E.2d 154, 162 (Ind. Ct. App. 2009) (quoting *Morgan v. Benner*, 712 N.E.2d 500, 502 (Ind. Ct. App. 1999), *trans. denied*).

[8] Coughlin argues that he is entitled to summary judgment as a matter of law because the statute of limitations had run on the State's claim. Specifically, he asserts that the State filed its verified petition for civil enforcement almost six years after the effective date of the determinations of eligibility, and therefore failed to bring the civil enforcement action within the applicable statute of limitations, which he contends is two years. "'[T]he statute of limitation in effect at the time a lawsuit is commenced governs the action regardless of whether it lengthens or shortens the time allowed for bringing suit.'" *Indiana Spine Grp., PC v. Pilot Travel Ctrs., LLC*, 959 N.E.2d 789, 793, n.3 (Ind. 2011) (quoting *State v. Hensley*, 661 N.E.2d 1246, 1249 (Ind. Ct. App. 1996)).

[9] The DWD's authority to recover unemployment benefits that have been improperly obtained, including by fraud, is found in Indiana Code Section 22-4-13-1. At the time the State filed its petition, the statute read as follows:

(c) Any individual who knowingly:

(1) makes, or causes to be made by another, a false statement or representation of a material fact knowing it to be false; or

(2) fails, or causes another to fail, to disclose a material fact; and

as a result thereof has received any amount as benefits to which the individual is not entitled under this article, shall be liable to repay such amount, with interest at the rate of one-half percent (0.5%) per month, to the department for the unemployment insurance benefit fund or to have such amount deducted from any benefits otherwise payable to the individual under this article.

….

(h) Where any individual is liable to repay any amount to the department for the unemployment insurance benefit fund for the restitution of benefits to which the individual is not entitled under this article, the amount due may be collectible without interest, except as otherwise provided in subsection (c), by civil action in the name of the state of Indiana, on relation of the department, which remedy by civil action shall be in addition to all other existing remedies and to the methods for collection provided in this article.

[10]     Section 22-4-13-1 does not provide a time limitation on the civil enforcement action it authorizes. Accordingly, to determine the applicable statute of limitations, we must identify the substance of the cause of action. *Whitehouse v. Quinn*, 477 N.E.2d 270, 274 (Ind. 1985). "The substance of a cause of action is ascertained by an inquiry into the nature of the alleged harm." *Meisenhelder v. Zipp Express, Inc.*, 788 N.E.2d 924, 932 (Ind. Ct. App. 2003).

[11]     Coughlin claims that enforcement of a final administrative order is in the nature of a chose in action, and therefore the applicable statute of limitations is the two-year limitation period for personal injury found in Indiana Code Section 34-11-2-4(a)(2). Section 34-11-2-4(a)(2) provides, "An action for injury to person or character, injury to personal property, or forfeiture of penalty given by statute must be commenced within two years after the cause accrues."

[12]     In support of his argument, Coughlin relies on *Haynes v. Contat*, 643 N.E.2d 941 (Ind. Ct. App. 1994). There, Haynes filed a complaint with the Indiana Civil Rights Commission ("ICRC"), alleging that Contat's refusal to lease rental property to her constituted unlawful race discrimination. The ICRC issued an order finding in Haynes's favor and assessing damages against Contat, which became effective on March 22, 1991. After Contat failed to pay the damages, on July 15, 1993, Haynes filed an action to enforce the ICRC order pursuant to Indiana Code Section 4-21.5-6-3, which at that time authorized a party to an agency action to file a petition for civil enforcement of the agency order, but contained no time limitation for bringing an enforcement action. Contat filed a motion to dismiss Haynes's action, alleging that her claim was barred by the

two-year limitation period in Indiana Code Section 34-1-2-2(1), the predecessor of Section 34-2-4(a)(2). The trial court agreed, and Haynes appealed.

[13] In determining which statute of limitations applied to Haynes' claim, another panel of this Court reasoned, "When the agency awarded [Haynes] money damages, it awarded her a 'chose in action': a personal property right not reduced to possession but recoverable in a court of law." *Id*. at 943 (quoting BLACK'S LAW DICTIONARY 305 (4th ed. 1968)). The court concluded, "Haynes's enforcement action sought to reduce to possession her property interest in the ICRC's determination of money damages. As such, her claim falls under I.C. 34-1-2-2(1)'s two-year statute of limitations for actions based on injury to personal property." *Id*. at 943-44.

[14] *Haynes* is not applicable to this case. There, the two-year statute of limitations applied because Haynes's claim was in the nature of an injury to her person, which clearly falls within the claims governed by Section 34-11-2-4(a)(2). In this case, the DWD determined that Coughlin applied for and received unemployment compensation benefits to which he was not entitled. Thus, the State's claim to enforce the determinations of eligibility can best be categorized as an action on an account or a contract not in writing. Such claims fit within the claims governed by Indiana Code Section 34-11-2-7, which provides,

> The following actions must be commenced within six (6) years
> after the cause of action accrues:
>
> (1) actions on accounts and contracts not in writing.

(2) Actions for use, rents, and profits of real property.

(3) Actions for injuries to property other than personal property, damages for detention of personal property and for recovering possession of personal property.

(4) Actions for relief against frauds.

[15] In this case, the six-year statute of limitations in Section 34-11-2-7 applies. Because the State filed its verified petition within six years, its petition was timely. Accordingly, we conclude that Coughlin's summary judgment motion was properly denied.

## Section 2 – The trial court did not abuse its discretion in denying Coughlin's motion to strike and did not err in granting the State's cross-motion for summary judgment.

[16] Coughlin also argues that the trial court erred in denying his motion to strike portions of the State's designated evidence. We review a trial court's decision on a motion to strike for an abuse of discretion. *Halterman v. Adams Cty. Bd. of Comm'rs*, 991 N.E.2d 987, 989 (Ind. Ct. App. 2013). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances. *Id.*

[17] Indiana Trial Rule 56(C) requires a summary judgment movant and respondent to "designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion." "In ruling on a motion for

summary judgment, the trial court will consider only properly designated evidence which would be admissible at trial." *Seth v. Midland Funding, LLC*, 997 N.E.2d 1139, 1141 (Ind. Ct. App. 2013).

[18]    The State's designated materials included Exhibit A, Cobb's affidavit, in which she attested as follows:  (1) she has personal knowledge of the facts stated therein, and they are true and correct to the best of her knowledge; (2) she is the DWD's benefit payment control keeper of the records; (3) Coughlin applied for and received benefits during the benefit years ending August 1, 2009, and August 7, 2010; (4) the DWD paid Coughlin $8102.00 in benefits; (5) Coughlin incurred penalties totaling $4486.25 due to the "fraudulent" overpayment of benefits; (6) Coughlin accrued interest of $2625.90; (7) the amount of setoffs applied to the amount Coughlin owes the DWD totals $3622.12; and (8) the outstanding balance that Coughlin owes the DWD is $11,592.03.  Appellant's App. Vol. 2 at 83-84.  The State also included Exhibit F, the notices of overpayment; Exhibit G, the determinations of eligibility; and Exhibit H, its verified petition for civil enforcement.

[19]    Coughlin argues that Exhibit A, paragraphs 3 through 8 are inadmissible because the statements are based on unspecified and/or unauthenticated records, and he argues that Exhibits B through G are inadmissible because they are not referenced in the affidavit or otherwise certified or authenticated. Indiana Trial Rule 56(E) provides,

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in

evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies not previously self-authenticated of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

Evidence is properly authenticated, and therefore admissible, when the proponent "produce[s] evidence sufficient to support a finding that the item is what the proponent claims it is." Ind. Evidence Rule 901(a). Sufficient evidence includes testimony of a witness with knowledge. Ind. Evidence Rule 901(b)(1).

[20] As to Cobb's affidavit, Coughlin does not challenge the admissibility of Cobb's sworn statements that the facts recited therein are based on her personal knowledge and that she is the DWD's keeper of the records. Because the affidavit is based on Cobb's personal knowledge and shows that she is competent as the keeper of records to testify to the DWD's unemployment insurance records, the affidavit is properly authenticated. In addition, "[a]n affidavit need not contain an explicit recital of personal knowledge when it can be reasonably inferred from its contents that the material parts thereof are within the affiant's personal knowledge." *Kader v. State, Dep't of Corr.*, 1 N.E.3d 717, 724 (Ind. Ct. App. 2013) (quoting *DeLage Landen Fin. Servs., Inc. v. Cmty. Mental Health Ctr., Inc.*, 965 N.E.2d 693, 701 (Ind. Ct. App. 2012), *trans. denied*). *See also, e.g., Skaggs v. Merch. Retail Credit Ass'n, Inc.*, 519 N.E.2d 202, 203 (Ind. Ct. App. 1988) (averments that affiant was employed by phone company and responsible for customer billing and collections were sufficient to conclude that

recital of payments and credits made by phone service customer were based on personal knowledge). Thus, Cobb's affidavit is admissible on its own.[1]

[21] In addition, Coughlin does not challenge the admissibility of the State's verified petition for civil enforcement. When the State's petition was filed, it was verified by Cobb, the notices of overpayment and the determinations of eligibility were attached, and Cobb specifically referenced them in support of the allegations in the petition. When Cobb verified the petition, she also affirmed the exhibits cited therein. Accordingly, the trial court was entitled to consider the verified petition, the notices of overpayment, and the determinations of eligibility and thus did not abuse its discretion in denying Coughlin's motion to strike.

[22] Furthermore, we note that Cobb's affidavit, the verified petition, the notices of overpayment, and the determinations of eligibility are sufficient to support the State's cross-motion for summary judgment. Although Coughlin challenges

---

[1] Coughlin argues that an affidavit based upon unspecified or unverified exhibits is based upon hearsay, and thus contrary to the personal knowledge requirement of Trial Rule 56(C), citing *Seth*, 997 N.E.2d at 1142. That case is distinguishable. There, Midland Funding, LLC ("Midland"), filed suit against Seth for nonpayment of credit card debt. To make a prima facie case in support of summary judgment, Midland was required to show that Seth opened a Visa account with Columbus Bank and Trust ("Columbus"), that Midland was the assignee of that debt, and that Seth owed Columbus the amount alleged in the complaint. In the affidavit submitted by Midland, the affiant stated that she was an employee of Midland Credit Management, Inc. ("MCM"), a servicing agent for Midland; that she was familiar with MCM's record keeping practices; and that her statements were based upon personal knowledge of those account records maintained by MCM on Midland's behalf. The *Seth* court concluded that the affidavit was inadmissible because the affiant's employment with MCM did not establish her personal knowledge of any of the facts pertaining to Midland's complaint against Seth and none of the records she relied on were attached to the affidavit. *Id.* Here, Cobb is an employee of the DWD and has personal knowledge of the records that are the basis of the State's action against Coughlin.

other exhibits, we need not address their admissibility because any error in their admission is harmless. *See Decker v. Zengler*, 883 N.E.2d 839, 845 (Ind. Ct. App. 2008) ("Even if the trial court's decision was an abuse of discretion, we will not reverse if the admission constituted harmless error."), *trans. denied*. Coughlin also argues that the statement in Cobb's affidavit that the overpayments were "fraudulent" is inadmissible. Because the determinations of eligibility found that Coughlin committed fraud by knowingly failing to disclose or falsifying material facts, any error in the admission of the statement is harmless.

[23] Based on the foregoing, we affirm the denial of Coughlin's summary judgment motion and his motion to strike and the grant of the State's cross-motion for summary judgment.

[24] Affirmed.

Bradford, J., and Tavitas, J., concur.