## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 10 2020, 9:08 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
| --- | --- |
| Douglas K. Walker | Robert B. Golding, Jr. |
| Law Office of David Gladish, P.C. | Dyer, Indiana |
| Highland, Indiana | |

IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| Super Petroleum, Inc., *Appellant-Defendant,* | June 10, 2020 |
| | Court of Appeals Case No. 19A-MF-2843 |
| v. | Appeal from the Lake Superior Court |
| 5th Avenue Mobil, LLC, *Appellee-Plaintiff.* | The Honorable Kristina Kantar, Judge |
| | Trial Court Cause No. 45D04-1505-MF-122 |

**Mathias, Judge.**

[1] Super Petroleum, Inc., ("Super Petroleum") appeals the Lake Superior Court's entry of summary judgment to 5th Avenue Mobile, LLC ("5th Avenue") on 5th Avenue's complaint to foreclose the mortgage on a property 5th Avenue sold to Super Petroleum. On appeal, Super Petroleum argues that genuine issues of

material fact exist in this case and the trial court erred when it granted 5th Avenue's motion for summary judgment.

We affirm.

## Facts and Procedural History

On October 19, 2011, Super Petroleum purchased real estate located in Gary, Indiana, from 5th Avenue for $450,000. Super Petroleum made a down payment on the property, and 5th Avenue agreed to finance the $370,000 balance owed. Then, the parties entered into a promissory note and mortgage for the real estate. The principal amount owed was subject to an annual interest rate of 5% for a period of ten years beginning on January 1, 2012. Super Petroleum agreed to make 120 equal payments of $3924.42.

At issue in this appeal is the promissory note drafted by Super Petroleum's attorney, which contained the following provision:

> With interest at the rate of Five (5.00%) percent per annum computed on the unpaid balance during such period when there shall be no delinquency or default in the payment of any monies to be paid on this obligation but with interest at the rate of Ten (10%) percent per annum computed annually during such period when there shall be any delinquency or default in the payment of any monies to be paid on this obligation and to be computed to the next interest period following such delinquency or default, and said rate shall continue to be paid until all delinquencies and defaults are removed by the beginning of a succeeding interest period, all without relief from Valuation and Appraisement Laws and with attorney's fees.

Appellant's App. p. 103. The mortgage, which was also prepared by Super Petroleum's attorney, contained similar language concerning interest rates and delinquency terms. The mortgage also obligated Super Petroleum to pay "the real estate taxes, insurance and assessments against said real estate." *Id.* at 100.

[5] In July 2012, Super Petroleum tendered a payment to 5th Avenue in the amount of $1124.42, which is $2800.00 less than the amount owed. Subsequent to the July 2012 payment, Super Petroleum tendered several non-sufficient funds ("NSF") check payments to 5th Avenue. Under the terms of the promissory note and the mortgage, the deficient July 2012 payment and the subsequent NSF payments triggered the increased interest rate, from 5% to 10%.

[6] On May 19, 2015, 5th Avenue filed a complaint for mortgage foreclosure and money judgment. Approximately four years later, 5th Avenue filed a motion for summary judgment. Super Petroleum filed its response on August 14, 2019.

[7] On October 29, 2019, the trial court held a hearing on 5th Avenue's motion for summary judgment and its motion to strike certain evidence designated by Super Petroleum in its response. Super Petroleum argued that all payments due under the promissory note had been paid in full. In regard to the July 2012 payment, Super Petroleum argued that the parties had orally agreed that Super Petroleum would be responsible for paying the 2011 property taxes payable in 2012, and in return would receive a $2800 credit on the July 2012 payment due under the promissory note. It is undisputed that Super Petroleum paid the 2011 real estate taxes. But 5th Avenue disputed Super Petroleum's claim concerning

the existence of an oral agreement with regard to the 2011 tax liability and did not agree that it had received all payments due under the promissory note.

[8] On November 7, 2019, the trial court issued an order granting 5th Avenue's motion for summary judgment but denying its motion to strike. The trial court ordered the parties to agree to a hearing date for damages. Super Petroleum now appeals.

## Standard of Review

[9] On appeal from a grant of summary judgment, we stand in the shoes of the trial court and apply a de novo standard of review. *Poiry v. City of New Haven*, 113 N.E.3d 1236, 1239 (Ind. Ct. App. 2018). Summary judgment is appropriate where the designated evidence establishes that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Row v. Holt*, 864 N.E.2d 1011, 1013 (Ind. 2007). We consider only those materials properly designated pursuant to Ind. Trial Rule 56 and construe all factual inferences and resolve all doubts in favor of the non-moving party. *Young v. Hood's Gardens, Inc.*, 24 N.E.3d 421, 424 (Ind. 2015). We may affirm an entry of summary judgment "if it can be sustained on any theory or basis in the record." *DiMaggio v. Rosario*, 52 N.E.3d 896, 904 (Ind. Ct. App. 2016), *trans. denied*.

[10] Moreover, the interpretation and construction of contract provisions are questions of law. *Barker v. Price*, 48 N.E.3d 367, 370 (Ind. Ct. App. 2015). Therefore, "cases involving contract interpretation are particularly appropriate for summary judgment." *Id.*

# Discussion and Decision

[11] Super Petroleum argues that genuine issues of material fact preclude the entry of summary judgment in 5th Avenue's favor. 5th Avenue responds that the four corners of the contract drafted by Super Petroleum's attorney control, and that the unambiguous terms of the promissory note and mortgage establish that Super Petroleum was in default.

[12] Initially, we observe that the elements of a prima facie case for the foreclosure of a mortgage are: (1) the existence of a demand note and the mortgage, and (2) the mortgagor's default. *McEntee v. Wells Fargo Bank, N.A.*, 970 N.E.2d 178, 182 (Ind. Ct. App. 2012). Indiana Code section 32-30-10-3(a) provides that "if a mortgagor defaults in the performance of any condition contained in a mortgage, the mortgagee or the mortgagee's assigns may proceed . . . to foreclose the equity of redemption contained in the mortgage."

[13] We also review the promissory note and mortgage as a whole, attempting to ascertain the parties' intent and making every attempt to construe the language of the contract "so as not to render any words, phrases, or terms ineffective or meaningless." *Four Seasons Mfg., Inc. v. 1001 Coliseum, LLC*, 870 N.E.2d 494, 501 (Ind. Ct. App. 2007). We assign a contract's clear and unambiguous terms their plain and ordinary meaning, *Dunn v. Meridian Mut. Ins. Co.*, 836 N.E.2d 249, 251 (Ind. 2005), and we determine the parties' intent from the four corners of the document. *The Winterton, LLC v. Winterton Inv'rs, LLC*, 900 N.E.2d 754, 759 (Ind. Ct. App. 2009), *trans, denied*. The unambiguous language of a contract is

conclusive upon the parties to the contract as well as upon the court. *Id.* We will neither construe unambiguous provisions nor add provisions not agreed upon by the parties. *Id.*

[14] However, when the terms of a contract are ambiguous or uncertain, and its interpretation requires extrinsic evidence, its construction is left to the factfinder. *Johnson v. Johnson*, 920 N.E.2d 253, 256 (Ind. 2010). A contract is ambiguous if reasonable people would disagree as to the meaning of its terms, *Beam v. Wausau Ins. Co.*, 765 N.E.2d 524, 528 (Ind. 2002), and we construe any ambiguity against the drafter. *MPACT Constr. Grp., LLC v. Superior Concrete Constructors, Inc.*, 802 N.E.2d 901, 910 (Ind. 2004).

[15] Super Petroleum argues that it has designated evidence sufficient to establish the existence of a genuine issue of material fact concerning its claim that 5th Avenue agreed to credit $2800 against the July 2012 payment owed in exchange for Super Petroleum's agreement to pay the 2011 property taxes payable in 2012.

[16] It is undisputed that neither the mortgage nor the promissory note contained a specific reference to the 2011 property taxes due to be paid in 2012. But the mortgage drafted by Super Petroleum obligated Super Petroleum to pay "the real estate taxes, insurance and assessments against said real estate." Appellant's App. p. 100. In addition, the HUD-1 settlement statement did not provide credit to Super Petroleum for taxes that accrued on the real estate prior to the October 2011 closing. *See id*. at 79–80.

[17]     Super Petroleum argues that the provision in the mortgage concerning payment of taxes applies only to taxes accruing after the parties entered into the mortgage agreement. Appellant's Br. at 9. But the plain language of the mortgage does not support Super Petroleum's claim. The mortgage obligates Super Petroleum to pay "real estate taxes . . . against said real estate" without any reference to when the taxes accrued. *See* Appellant's App. p. 100. And even if we concluded that the mortgage is ambiguous because it does not address payment of taxes that accrued prior to closing, such ambiguity must be construed against the mortgage's drafter, Super Petroleum.

[18]     Next, Super Petroleum argues that the parties had a verbal agreement concerning payment of the 2011 real estate taxes. The designated evidence does not establish whether this alleged verbal agreement occurred before the parties entered into the contracts surrounding the sale of the real estate or after the closing.

[19]     Generally, where parties have reduced an agreement to writing and the writing embodies the final and complete agreement between the parties, the parol evidence rule prohibits courts from considering extrinsic evidence for the purpose of varying or adding to the terms of the written contract. *I.C.C. Protective Coatings, Inc. v. A.E. Staley Mfg. Co.*, 695 N.E.2d 1030, 1035 (Ind. Ct. App. 1998), *trans. denied*. "'Extrinsic evidence' is evidence relating to a contract but not appearing on the face of the contract because it comes from other sources, such as statements between the parties or the circumstances surrounding the agreement." *Celadon Trucking Servs., Inc. v. Wilmoth*, 70 N.E.3d

833, 839 (Ind. Ct. App. 2017), *trans. denied. See also Amici Resources, L.L.C. v. Alan D. Nelson Living Trust*, 49 N.E.3d 1046, 1050 (Ind. Ct. App. 2016) (explaining that the parol evidence rule bars admission of such evidence, that is, "extrinsic evidence ... to add to, vary, or explain the terms of a written instrument [where] the terms of the instrument are clear and unambiguous.").

[20] The mortgage unambiguously requires Super Petroleum to pay real estate taxes assessed against the property. If the alleged oral agreement occurred prior to the real estate closing, Super Petroleum cannot rely on extrinsic evidence thereof to alter the terms of the written agreement between the parties.

[21] If the alleged agreement concerning the real estate taxes was made after the parties executed the promissory note and mortgage, Super Petroleum has not designated evidence establishing that the parties agreed to modify the contract. The law allows mutual modification of a contract to be implied from the conduct of the parties, but the modification "requires all of the requisite elements of a contract." *See City of Indianapolis v. Twin Lakes Enterprises, Inc.*, 568 N.E.2d 1073, 1084–85 (Ind. Ct. App. 1991), *trans. denied*.

[22] Super Petroleum ultimately paid the property taxes it was obligated to pay under the terms of the mortgage but did not pay the July 2012 mortgage payment in full, triggering an increased interest rate.[1] Therefore, Super Petroleum was required to designate evidence establishing that the parties

---

[1] For this reason, we do not address Super Petroleum's reliance on Indiana Code chapter 6-1.1-2 in addressing liability for the 2011 real estate taxes.

mutually agreed to modify the terms of the mortgage concerning the 2011 tax liability payable in July 2012. Super Petroleum has not designated any evidence that would establish the element of consideration, which is a required element in the formation of a contract or subsequent modification of a contract. *See Jernas v. Gumz*, 53 N.E.3d 434, 445 (Ind. Ct. App. 2016), *trans. denied; City of Indianapolis*, 568 N.E.2d at 1085.

[23]  The designated evidence establishes that Super Petroleum was in default under the terms of the promissory note and mortgage. We therefore conclude that the trial court properly granted summary judgment to 5th Avenue on its complaint for mortgage foreclosure.

## Motion to Strike

[24]  We also briefly address 5th Avenue's argument that the trial court abused its discretion when it denied 5th Avenue's motion to strike paragraphs seven and ten from the affidavit of Super Petroleum's President Yadvinder Khatra, which Super Petroleum designated to the trial court with its summary judgment response. We review a trial court's decision on a motion to strike for an abuse of discretion. *Halterman v. Adams Cty. Bd. of Comm'rs*, 991 N.E.2d 987, 989 (Ind. Ct. App. 2013). We will reverse only when the decision is clearly against the logic and effect of the facts and circumstances. *Id.* Generally, "[i]n order to be used in a summary judgment proceeding, an affidavit must set forth such facts as would be admissible in evidence." Ind. Trial Rule 56(E); *Merrill v. Knauf Fiber Glass GmbH*, 771 N.E.2d 1258, 1264 (Ind. Ct. App. 2002), *trans. denied.*

5th Avenue argues that paragraphs seven and ten of the affidavit contain legal conclusions and inadmissible hearsay. Paragraph seven states, "Super Petroleum Inc., has made all monthly payments or has otherwise compensated 5th Avenue Mobil LLC as required by the Note and is not in default." Appellant's App. p. 59. The challenged statement in paragraph ten provides in relevant part, "[i]t had been agreed between Plaintiff and Defendant that the remaining $2,800.00 of the July 2012 monthly installment of $3,924.42 would not be paid and instead Super Petroleum Inc., would receive a credit for that amount to offset the tax proration that was due from Plaintiff to Defendant." *Id.* at 60.

Indiana Trial Rule 56(E) provides in part that affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Because the court may consider only admissible evidence when ruling on a motion for summary judgment, inadmissible hearsay statements cannot create a genuine issue of material fact. *Hays v. Harmon*, 809 N.E.2d 460, 465–66 (Ind. Ct. App. 2004), *trans. denied*. Moreover, mere assertions of conclusions of law or opinions will not suffice in an affidavit. *Kader v. Dep't of Corr.*, 1 N.E.3d 717, 724 (Ind. Ct. App. 2013) (citation omitted).

Paragraph seven's conclusory statement that Super Petroleum was not in default is a legal conclusion that should have been stricken by the trial court. Similarly, to the extent that paragraph ten suggests that the parties reached an agreement concerning the real estate taxes payable in 2012, the statement is a legal conclusion and should have been stricken. Given our determination that

the trial court properly granted 5th Avenue's motion for summary judgment, however, the trial court's error in denying the motion to strike is harmless. See Ind. Appellate Rule 66(A) ("No error or defect in any ruling or order or in anything done or omitted by the trial court or by any of the parties is ground for granting relief or reversal on appeal where its probable impact, in light of all the evidence in the case, is sufficiently minor so as not to affect the substantial rights of the parties.").

# Conclusion

[28] Super Petroleum drafted a contract making itself responsible for taxes that accrued on property it did not yet own. It cannot now complain that 5th Avenue is acting unconscionably in seeking to enforce the terms of the mortgage. 5th Avenue designated evidence establishing that Super Petroleum was in default under the terms of the promissory note and mortgage contract executed between the parties. We therefore affirm the trial court's entry of summary judgment in favor of 5th Avenue. The trial court erred by denying 5th Avenue's motion to strike, but the error is harmless.

[29] Affirmed.

Riley, J., and Tavitas, J., concur.