[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14089
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cv-14130-DLG


SIEGFRIED G. CHRISTMAN,
PAMELA A. CHRISTMAN,

Plaintiffs-Appellants,

versus

SAINT LUCIE COUNTY, FLORIDA,
a municipal corporation,
HONORABLE THOMAS J. WALSH, JR.,
KATHRYN NELSON,
In their individual personal capacities,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 15, 2013)

Before DUBINA, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Appellants Siegfried Gilbert Christman and Pamela Ann Christman  ("The Christmans") appeal the dismissal of their *pro se* civil rights complaint alleging violations of 42 U.S.C. § 1983 and Florida state law.  The district court dismissed the complaint on the basis of  *res judicata*.  On appeal, the Christmans argue that they stated a cognizable claim, with only a single reference to whether *res judicata* was appropriate in the instant case.

We review *de novo* the district court's finding that *res judicata* bars an action.  *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).  The doctrine of *res judicata* "bars the filing of claims which were raised or could have been raised in an earlier proceeding."  *Id.  Res judicata* is founded on the principle that a prior "opportunity to litigate protects a party's adversaries from the . . . vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* (internal quotation marks and alteration omitted).  *Res judicata* bars a subsequent action when four requirements are met: (1) there must be a final judgment on the merits; (2) the decision must be rendered by a court of competent jurisdiction; (3) the parties must be identical in both suits; and (4) the same causes of action must be involved in both cases.  *Id*.

Other circuits have held that the denial of leave to amend constitutes *res judicata* on the merits of the claims "which were the subject of the proposed

2

amended pleading." *King v. Hoover Group, Inc.*, 958 F.2d 219, 222-223 (8th Cir. 1992); *see also Hatch v. Trail King Indus., Inc.*, 699 F.3d 38, 45-46 (1st Cir. 2012) (adopting the same rule and listing other cases that have done so). For purposes of a suit under 42 U.S.C. § 1983, a claim against a defendant in his official capacity is the same as a claim against his employer. *See McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781, 785 n. 2, 117 S.Ct 1734, 1737 n.2, 138 L.Ed.2d 1 (1985) (stating that "a suit against a governmental officer in his official capacity is the same as a suit against the entity of which the officer is an agent." (internal quotation marks and alterations omitted)); *Welch v. Laney*, 57 F.3d 1004, 1009 (11th Cir. 1995) (stating that "where a plaintiff brings an action against a public official in his official capacity, the suit is against the office that official represents, and not the official himself").

With respect to the fourth factor, the principal test for determining whether the same cause of action is involved is "whether the actions arise out of the same nucleus of operative fact, or are based upon the same factual predicate." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1187 (11th Cir. 2003) (internal quotation marks and alteration omitted). A "cause of action" includes not only the precise legal theory raised in the earlier case, but also "all legal theories and claims arising out of the same operative nucleus of fact." *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998) (internal quotation marks omitted).

3

The denial of leave to amend the Christmans' prior complaint was an adjudication on the merits as to the proposed claims. *King*, 958 F.2d at 222-223. In addition, neither party challenges whether a court of competent jurisdiction entered the prior order. As to the fourth requirement, the same nucleus of operative fact was involved in the proposed amended complaint and the instant complaint, and both cases even involved the same claims.

The only remaining requirement is identity of the parties. Judge Walsh and Judge Nelson were both named in the amended complaint that resulted in the merits determination, and are identical to the instant complaint. The county was named in the current suit, and its commissioner was named in the previous suit. While the Christmans briefly argued in the district court that the prior suit was against the county commissioner in his individual capacity, the pleadings of their prior complaint demonstrated otherwise. Their prior complaint did not allege that Dzadovsky engaged in any actions in his individual capacity, and he was only connected to the case because of his position as county commissioner. Accordingly, the Christmans sued Dzadovsky in his official capacity in the prior suit, which is the same as a suit against the County as a matter of law. *Welch*, 57 F.3d at 1009. After reviewing the record and reading the parties' briefs, we conclude that the district court correctly applied *res judicata* to all defendants in the present suit. According, we affirm the judgment of dismissal.

4

**AFFIRMED.**