## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 06 2015, 9:48 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Robert G. Grant
T. Blake Orner
Grant & Grant
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Allstate Insurance Company as Subrogee of Elaine Weiman,

*Appellant-Plaintiff,*

v.

Cleve W. Hatfield, and Michael W. Hatfield,

*Appellees-Defendants.*

March 6, 2015

Court of Appeals Case No.
49A04-1408-CT-389

Appeal from the Marion County Superior Court; The Honorable Robert R. Altice, Jr., Judge;
49D05-1301-CT-3140

**May, Judge.**

[1] Allstate appeals the denial of its motion to strike and motion for summary judgment. The trial court's denial of the motion to strike violated Indiana Trial Rule 56(C) and, without the document that should have been stricken, there existed no genuine issue of material fact to prevent entry of summary judgment for Allstate.

[2] We reverse and remand.

## Facts and Procedural History

[3] On March 7, 2012, Cleve Hatfield and Elaine Weiman were involved in an automobile accident that injured Weiman. Allstate was Weiman's insurer, and it paid her $10,000 for medical expenses pursuant to her policy provisions.

[4] On January 25, 2013, Allstate, as subrogee of Weiman, sued Cleve Hatfield and Michael Hatfield.[1] After a series of extensions and failure to comply with Allstate's discovery requests, the trial court issued an order for sanctions on January 31, 2014, against Cleve[2] for failure to comply with Allstate's discovery requests and declared Cleve at fault for the accident.

[5] On May 23, 2014, Allstate filed a motion for summary judgment. On June 27, 2014, Cleve filed his response and motion to strike an affidavit Allstate designated in its motion for summary judgment. On July 7, 2014, Allstate

---

[1] Cleve was the driver of the vehicle involved in the accident, and Michael owned it.

[2] It is not clear from the record why Cleve is the only named party in this appeal and in all court rulings subsequent to the Order for Sanctions.

moved to strike Cleve's response because it was not filed within the thirty day time limit required by T.R. 56(C). On July 8, the trial court denied Allstate's motion for summary judgment by jacket entry stating, "Court receives and reviews defendant's response to motion to [sic] Summary judgment and motion to strike. The Court now hereby denies plaintiff's motion for summary judgment regarding damages as there are genuine issues of material [sic]. The Court denies [Cleve's] motion to strike." (App. at 7.) The next day the trial court denied Allstate's motion to strike.

[6] The trial court granted Allstate's motion to certify the matter for interlocutory appeal pursuant to Indiana Appellate Rule 14(B)(1) and we accepted jurisdiction.

# Discussion and Decision

[7] We first note Cleve did not file a brief. When an appellee does not submit a brief, we do not undertake the burden of developing arguments for that party. *Thurman v. Thurman*, 777 N.E.2d 41, 42 (Ind. Ct. App. 2002). Instead, we apply a less stringent standard of review and may reverse if the appellant establishes *prima facie* error. *Id*. *Prima facie* error is "error at first sight, on first appearance, or on the face of it." *Van Wieren v. Van Wieren*, 858 N.E.2d 216, 221 (Ind. Ct. App. 2006).

### 1.    *Motion to Strike*

[8] We review a decision regarding a motion to strike for abuse of discretion. *Halterman v. Adams Cty. Bd. of Com'rs*, 991 N.E.2d 987, 990 (Ind. Ct. App. 2013).

An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. *Id.*

[9] T.R. 56(C) states a party opposing summary judgment "shall have thirty (30) days after service of the motion to serve a response and any opposing affidavits." If the non-moving party does not respond to a motion for summary judgment "within 30 days by either filing a response, requesting a continuance under Trial Rule 56(I), or filing an affidavit under Trial Rule 56(F), the trial court cannot consider summary judgment filings of that party subsequent to the 30-day period." *HomEq Servicing Corp. v. Baker*, 883 N.E.2d 95, 98-99 (Ind. 2008).

[10] Allstate filed its motion for summary judgment on May 23, 2014. Cleve did not respond until thirty-five days later, nor did he file for an extension of time. Allstate moved to strike Cleve's response as not timely filed. Allstate has demonstrated *prima facie* error on appeal because Cleve did not file his response to Allstate's motion for summary judgment within thirty days as required by T.R. 56(C). Therefore, we reverse the denial of Allstate's motion to strike.

### 2. *Summary Judgment*

[11] We review summary judgment *de novo*, applying the same standard as the trial court. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). Drawing all reasonable inferences in favor of the non-moving party, we will find summary judgment appropriate if the designated evidence shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter

of law. *Id.* A fact is material if its resolution would affect the outcome of the case, and an issue is genuine if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences. *Id.*

[12] The initial burden is on the summary-judgment movant to demonstrate there is no genuine issue of fact as to a determinative issue, at which point the burden shifts to the non-movant to come forward with evidence showing there is an issue for the trier of fact. *Id.* While the non-moving party has the burden on appeal of persuading us a summary judgment was erroneous, we carefully assess the trial court's decision to ensure the non-movant was not improperly denied his day in court. *Id.*

[13] Allstate claimed Cleve was liable for Weiman's injuries because he was at fault for the vehicle accident, and thus the Hatfields should pay Allstate $10,000.00, the amount Allstate paid for Weiman's medical bills. The trial court found Cleve liable for the accident as part of an Order of Sanctions premised on Cleve's failure to comply with Allstate's discovery requests. Thus, the only issue remaining was the amount of damages.

[14] In its motion for summary judgment, Allstate designated detailed medical statements regarding Weiman's treatment and Allstate's payment therefor. As the trial court should have stricken Cleve's response to Allstate's motion for summary judgment, the only evidence properly before the trial court was Allstate's evidence of Weiman's medical expenses. As there was no genuine

issue of material fact, the trial court should have granted Allstate's motion for summary judgment, and we must accordingly reverse.

## Conclusion

The trial court should have stricken as untimely Cleve's response to Allstate's motion for summary judgment. Without Cleve's response, there was no genuine issue of material fact, and the trial court should have entered summary judgment for Allstate and awarded damages as requested in Allstate's motion for summary judgment. We reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

Barnes, J., and Pyle, J., concur.