## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 14 2019, 5:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

John T. Wilson
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caryn Nieman-Szyper
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Elijah Abraham Krider, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | August 14, 2019 <br><br> Court of Appeals Case No. 18A-CR-817 <br><br> Appeal from the Madison Circuit Court <br><br> The Honorable Thomas Newman Jr., Judge <br><br> Trial Court Cause No. <br> 48C03-1010-FD-503 <br> 48C03-1208-FD-1470 <br> 48C03-1208-FD-1509 <br> 48C03-1402-FB-354 <br> 48C03-1507-F6-1175 <br> 48C03-1604-F6-786 |

**Tavitas, Judge.**

## Case Summary

[1] Elijah Abraham Krider appeals the denial of his motion to correct sentence. We affirm in part, reverse in part, and remand.

## Issue

[2] Krider raises two issues, which we consolidate and restate as whether the trial court erred in denying Krider's motion to correct sentence.

## Facts

[3] Krider's criminal history is replete with criminal charges, guilty pleas, and probation violations. Accordingly, Krider has a very dense and complicated criminal history, which resulted in several sentences and probation revocations. These multiple offenses created some procedural confusion and irregularities in Krider's cases. While we have identified several irregularities in the record, we focus only on the issues Krider raises as stated above.

[4] On January 23, 2013, Krider was sentenced, pursuant to a guilty plea, to the following:

> a. In Cause No. 48C03-1208-FD-1509 ("Cause 1509"): Count I, operating a vehicle with alcohol concentration equivalent to at least .08 but less than .15, a Class C misdemeanor; and Count II, operating a vehicle while intoxicated with a prior conviction, a Class D felony. Krider was sentenced to three years executed.

b. In Cause No. 48D03-1010-FD-503 ("Cause 503"): receiving stolen property, a Class D felony. Krider was sentenced to three years, with six months executed at the Indiana Department of Correction (the "DOC") and thirty months suspended to probation.

c. In Cause No. 48C03-1208-FD-1470 ("Cause 1470"): failure to return to lawful detention, a Class D felony. Krider was sentenced to three years, with six months executed at the DOC and thirty months suspended to probation.

All sentences were to be served *consecutively*, resulting in a sentence of nine years, with four years executed.

[5]　On December 1, 2013, Krider was charged with Count I, burglary, a Class B felony, and Count II, theft, a Class D felony, in Madison County, Indiana, under Cause No. 48C03-1402-FB-354 ("Cause 354").[1]　On January 29, 2014, Krider was charged with operating a vehicle while intoxicated, a felony,[2] in Calhoun County, Michigan. On February 3, 2014, the probation department filed a notice of violation of probation under Causes 503 and 1470 against Krider based on the two pending charges Krider obtained while on probation.

---

[1] The CCS indicates that initially, at a sentencing hearing, Krider orally requested placement in problem solving court programs, and the trial court granted the request. The CCS further indicated that, "[s]hould Defendant not be accepted into or fails to successfully complete Problem Solving Court, Defendant shall be returned to Sentencing Court for further proceedings." Appellant's App. Vol. II p. 36.

[2] The felony level was not specified in the petition.

A corrected notice of violation of probation was filed on February 12, 2014, to add additional violations.

[6] In 2015, Krider participated in drug court and problem solving court for his various offenses. On February 2, 2016, a notice of termination request for problem solving court was filed against Krider based on several violations. The petition requested termination of Krider's participation in problem solving court for Causes 503, 1470, and 354.

[7] On March 14, 2016, Krider entered a plea agreement in Cause No. 48C03-1507-F6-1175 ("Cause 1175") and pleaded guilty to failure to return to lawful detention, a Level 6 felony. Krider was sentenced to one year of home detention.

[8] Also on March 14, 2016, after an evidentiary hearing on the termination from problem solving court where Krider admitted that he failed to comply with the problem solving court's participation agreement during probation, the trial court entered an order finding that Krider's participation in problem solving court was terminated. Accordingly, the trial court revoked his probation and imposed the following:

> a. In Cause 503: a three-year suspended sentence on home detention. This three-year home detention was to run *concurrently* with Causes 354 and 1470, and consecutively to Cause 1175.

b. In Cause 1470: a three-year suspended sentence on home detention. This three-year home detention was to run *concurrently* with Causes 354 and 503, and consecutively to Cause 1175.

In Cause 354, the trial court imposed a three-year suspended sentence on home detention. This three-year home detention sentence was to run *concurrently* with the probation revocations in Causes 1470 and 503, and consecutively to Cause 1175.[3]

Krider's March 14, 2016 sentencing orders resulted in a total of four years in home detention. The trial court was clear this was the intended result, stating:

> THE COURT: To [Cause 1175], one (1) year of in home detention. As to sanctions in [Causes 354, 1470, and 503], three (3) additional years of in home detention. So does that mean four (4) years of in home detention?

Tr. Amend. Vol. I pp. 38-39. Then later, the court reporter clarified:

> COURT REPORTER: So the probation violations are concurrent and consecutive to the new charge for a total of four (4) years correct?
>
> THE COURT: Yeah.

---

[3] Unlike Causes 503 and 1470, in which the trial court titled its orders, "Order on Termination of Problem Solving Court," the trial court's order on Cause 354 was titled, "Sentencing Order," presumably due to Krider's initial placement in problem solving court. Appellant's App. Vol. II pp. 83, 86, 89.

*Id.* at 39. The trial court's written order and the CCS entries support that the trial court intended Causes 354, 1470, and 503 to run concurrently. Thus, although Causes 503 and 1470 were previously ordered to be served consecutively, the trial court subsequently ordered the sentences to be served concurrently. The State did not appeal or file a motion to correct error.

[10] On March 31, 2016, in Causes 503, 1470, 354, and 1175, the probation department filed a violation of executed sentence against Krider, alleging that Krider removed his electronic monitoring device and left his residence on March 29, 2016. Krider admitted the violation. After a hearing, the trial court entered an order on August 29, 2016, as to Cause 503 only, revoking Krider's home detention, and ordering Krider's sentence to be served at the DOC.

[11] On December 28, 2016, in Cause No. 48C03-1604-F6-786 ("Cause 786"), Krider pleaded guilty and was sentenced to Count I, escape, a Level 6 felony, and Count II, criminal mischief, a Class B misdemeanor. Krider was sentenced on Count I to the DOC for two years, and on Count II to 180 days in the Madison County jail to be served concurrently. The sentences were suspended and Krider was placed on work release for two years. On October 19, 2017,[4]

_____

[4] The petition is dated August 19, 2017; however, we assume this is a scrivener's error due to the allegations in the petition.

the residential security supervisor of the work release center petitioned to terminate Krider's work release privilege in Cause 1175.[5]

[12] At a hearing on the petition to terminate work release, the parties argued about whether several of Krider's sentences were to be served consecutively or concurrently. The confusion seemingly stemmed from the trial court's March 2016 order in which the sentences in Causes 503 and 1470 were originally ordered to be served consecutively in January 2013 and were subsequently ordered to be served concurrently in March 2016. The trial court attempted to explain the confusion, in the following exchange with the State:

> [THE STATE]: But I think what had happened is it wasn't a modification, it was a misstatement of saying concurrent not knowing that they were originally sentenced as consecutive.
>
> THE COURT: Okay. It's possible I mis-spoke or made a mistake.

*Id.* at 63.

---

[5] The CCS entries for Causes 503, 1470, 354, and 786 are silent as to a petition to terminate work release. The CCS for Cause 503 is silent from August 29, 2016, when the trial court sent an abstract of judgment to the DOC, until October 17, 2017 when a hearing was scheduled. In other words, on Cause 503, there does not appear to have been a petition to terminate Krider's work release privilege in Cause 503. Similarly, the CCS for Cause 1490 is silent from August 8, 2016 until October 2, 2017, when a hearing on a probation violation was filed. The same is true for Cause 354 where the CCS is silent from August 2016 to October 2017. Finally, in Cause 786, the CCS is silent from December 2016 until October 2017 when the hearing was scheduled. Based on this information, Krider argues in his brief that he did not receive proper notice regarding his alleged probation violations. Krider did not raise this issue to the trial court; therefore, this issue is waived.

The trial court ordered the following on October 30, 2017:

> a. Cause 503: found Krider violated probation, sentenced Krider to time served, and closed the case.
>
> b. Cause 1470: terminated Krider's work release, revoked Krider's probation,[6] and ordered Krider to serve two years and three months at the DOC to run concurrently with Cause 354, and consecutively to Causes 786, 1175, and 1509.[7]
>
> c. Cause 354: terminated Krider's work release, revoked Krider's probation, and ordered Krider to serve three years at the DOC concurrently with Cause 1470, and consecutively to Causes 786, 1175, and 1509.
>
> d. Cause 786: terminated Krider's work release, revoked Krider's sentence, and ordered Krider to serve two years in the DOC consecutively to Causes 1175, 354, 1470, and 1509.

---

[6] In Causes 1470, 354, and 786, the trial court's order indicates that it was revoking Krider's sentence; however, we assume the trial court meant probation.

[7] As we will discuss further below, the trial court's inclusion of Cause 1509 appears to be error because Krider completed his sentence on Cause 1509 in 2015.

e. Cause 1175: the trial court sentenced Krider to one year executed at the DOC to run consecutively to Causes 354, 786, 1470, and 1509. [8]

The trial court also entered another abstract of judgment for the already-served sentence in Cause 1509. [9] Krider filed a "Motion to Correct Sentence" on November 13, 2017. *Id.* at 124. The trial court denied Krider's motion on March 16, 2018. Krider now appeals.

## Analysis

[14] Krider appeals from the denial of his motion to correct sentence. We are unclear whether Krider intended to file this petition under Indiana Code Section 35-38-1-15 or Indiana Trial Rule 59. An inmate who believes he or she has been erroneously sentenced may file a motion to correct sentence under Indiana Code Section 35-38-1-15. *Neff v. State*, 888 N.E.2d 1249, 1250-51 (Ind. 2008). We review rulings on motions to correct erroneous sentence for an abuse of discretion, which occurs when a decision is against the logic and effect of the facts and circumstances before the trial court. *Davis v. State*, 978 N.E.2d 470, 472 (Ind. Ct. App. 2012). We also review rulings on motions to correct error under Indiana Trial Rule 59 for an abuse of discretion. *Weida v. Kegarise,* 849 N.E.2d 1147, 1154 (Ind. 2006).

---

[8] We assume the trial court also entered an order as to Cause 1175; however, that was not provided in Appellant's Appendix.

[9] As we discuss below, the State agrees that the abstract of judgment in Cause 1509 was incorrectly re-entered in October 2017.

At the outset, we note that so many errors in this case appeared to be driven by the trial court's treatment of Krider's sentences as one aggregate sentence, instead of treating each cause number and corresponding sentence as its own separate cause. This approach caused significant issues in Krider's case and a lack of clarity for the parties and this Court.

## A. Cause 1509

As the State indicates in its brief, it appears Krider completed his sentence in Cause 1509; however, the trial court entered an abstract of judgment on October 30, 2017, which indicated that Krider still needed to complete his three-year executed sentence in Cause 1509. The State concedes that we should remand the matter to the trial court "to rescind its October 30, 2017 abstract of judgment issued in FD-1509 so that the DOC can correct the matter in its offender information system and recalculate Krider's projected release date." Appellee's Br. p. 24. We reverse and remand for the trial court to rescind its abstract of judgment in Cause 1509 and take appropriate action to close Cause 1509, based on the State's concession that Krider has already completed his sentence in this cause.

## B. Consecutive Sentences

Krider argues that his sentences on the other causes were also incorrect. Specifically, Krider contends "that since he was sentenced to 3 years concurrent on cases 503, 354 and 1470 on March 14, 2016, and the Court had previously revoked the sentence on 503 on August 28, 2016, that the cases ending 354 and

1470 should have also been closed out with time served." Appellant's Br. p. 19. Therefore, Krider believes he should "only be facing sanctions on [the] case[s] ending [in] 1175 and 786 with an aggregate sentence of 3 years, less credit time," because, to do otherwise would be the trial court changing Krider's sentences from concurrent—which the trial court ordered in 2016—back to consecutive. *Id.*

[18] The State acknowledges that the confusion "in Krider's sentence calculation arose at the March 14, 2016 revocation hearing when the trial court improperly altered Krider's original sentences from consecutive to concurrent." Appellee's Br. p. 22. The State's argument, in our view, is essentially that this mistake by the trial court in 2016 is immaterial because the trial court was without the authority to make the error it committed. *See id.* ("The trial court, though, was without the legal authority to alter the terms of Krider's original sentences in [Causes 503 and 1470] to change his consecutive sentences to concurrent sentences after he was revoked from probation.").

[19] Pursuant to Indiana Code Section 35-38-2-3(h),

> If the court finds that the person has violated a condition at any time before the termination of the period, and the petition to revoke is filed within the probationary period, the court may impose one (1) or more of the following sanctions:
>
> > (1) Continue the person on probation, with or without modifying or enlarging the conditions.

> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.

> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Moreover, the trial court has authority to terminate Krider's participation in the problem solving court, and the trial court's March 2016 sentencing orders in Causes 503 and 1470 were titled, "Order on Termination of Problem Solving Court."[10]  Appellant's App. Vol. II pp. 83, 86.  Pursuant to Indiana Code Section 33-23-16-14.5(e):

> Except as provided in sections 14 and 15 of this chapter, if the problem solving court judge or hearing officer finds that an individual participating in a problem solving court program has violated a condition of the program, the problem solving court judge or hearing officer may:

> > (1) Continue the individual's participation in the problem solving court program with or without modifying or expanding the individual's conditions for participating in the problem solving court program; or

> > (2) Terminate the individual's participation in the problem solving court program.

---

[10] As mentioned above, the trial court's March 2016 order on Cause 354 was a "sentencing order." Appellant's App. Vol. II p. 89.

[20] Based on the statutory limitations above, we agree with the State that the trial court erred in 2016 when the trial court changed Krider's previously ordered consecutive sentences in Causes 503 and 1470 to concurrent sentences. *See Jones v. State,* 885 N.E.2d 1286, 1289 (Ind. 2008) ("[t]he action taken by a trial court in a probation revocation proceeding is not a sentencing.") (internal quotations omitted); *see also Wilkerson v. State,* 918 N.E.2d 458, 463 (Ind. Ct. App. 2009) (noting that, "Ind. Code § 35-38-2-3(g) permits judges to sentence offenders using any one of or any combination of the enumerated options" (citations omitted)). The trial court deviated from the options enumerated in the probation revocation statute in its March 2016 orders. Moreover, the trial court also likely imposed an illegal sentence in 2016 because Krider appeared to have committed Cause 354 while on probation in Causes 1470 and 503. *See Hill v. State,* 28 N.E.3d 248, 351 (Ind. Ct. App. 2015) ("A sentence which is contrary to, or violative of, the penalty mandated by the applicable statute is an illegal sentence") (quotations omitted). Accordingly, the trial court's 2016 order, indicating that these sentences should run concurrently instead of consecutively, contravenes Indiana Code Section 35-50-1-2(e), which requires that if a person commits a new offense while on probation "the terms of imprisonment for the crimes shall be served consecutively, regardless of the order in which the crimes are tried and the sentences are imposed."

[21] Accordingly, we are constrained to conclude that the trial court had the authority to correct the 2016 sentence, which was contrary to statute and therefore illegal. *See Hill,* 28 N.E.3d at 351 ("It is the duty of appellate courts to

bring illegal sentences into compliance") (quotations omitted).  We note that the State never appealed the order or filed a motion to correct error; however, the law indicates that the trial court is responsible for correcting an illegal sentence.  *See Lockhart v. State,* 671 N.E.2d 893 (Ind. Ct. App. 1996) ("When the sentence imposed by the trial court is found to be improper, it is the general if not unanimous rule that the trial court has the power to vacate the illegal sentence and impose a proper one.").

[22] For this reason, we conclude that the trial court had the authority to correct its sentence, despite the passing of time.[11]

## Conclusion

[23] The trial court did not abuse its discretion in denying Krider's motion to correct sentence regarding the consecutive sentencing; however, we reverse and remand for the trial court to amend its abstract of judgment in Cause 1509 to reflect that Krider has served that sentence.  We affirm in part, and reverse in part, and remand.

[24] Affirmed in part, reversed in part, and remanded.

Crone, J., and Bradford, J., concur.

---

[11] Krider also argues that he did not receive proper notice regarding his alleged probation violations; however, because Krider did not raise this issue below, we deem it to be waived.