

IN THE

# Court of Appeals of Indiana

Anita Haug and Robert Haug,

*Appellants-Plaintiffs*

v.

County of Starke, *et al.*,

*Appellees-Defendants*



FILED

Mar 11 2026, 9:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

---

March 11, 2026

Court of Appeals Case No.
25A-PL-1826

Appeal from the Starke Circuit Court

The Honorable Micah P. Cox, Magistrate

Trial Court Cause No.
75C01-2503-PL-5

---

**Opinion by Chief Judge Tavitas**
Judges Bailey and Kenworthy concur.

**Tavitas, Chief Judge.**

## Case Summary

[1] In 2023, Anita and Robert Haug filed a claim against Starke County ("the County") in federal court alleging that the County had taken their property without just compensation. The Haugs later filed a motion to add a quiet title claim to their federal complaint. The federal district court ("District Court") denied the Haugs' motion to amend, concluding that it would be futile.

[2] In 2025, the Haugs filed the present quiet title action in Starke Circuit Court. The County moved for summary judgment and claimed that the federal district court's denial of the motion for leave to amend was a judgment on the merits under federal law and that the Haugs' claim was, therefore, barred by res judicata. The Haugs then filed a motion to strike the County's filings on the ground that the County lacked standing. The trial court granted the County's motion for summary judgment and denied the Haugs' motion to strike. The trial court also found the motion to strike to be frivolous and awarded the County attorney fees in the amount of $1,135.20.

[3] The Haugs appeal and argue: (1) the trial court erred in granting the County's motion for summary judgment because the federal District Court's order denying their motion for leave to amend was not a judgment on the merits; and (2) the trial court erred by denying the Haugs' motion to strike and awarding attorney fees to the County. We disagree and, accordingly, affirm. The County requests the award of appellate attorney fees, which we decline.

## Issues

The Haugs present four issues, which we consolidate and restate as:

I. Whether the trial court erred by granting the County's motion for summary judgment.

II. Whether the trial court erred by denying the Haugs' motion to strike and awarding attorney fees to the County.

The County presents one additional issue: whether we should award the County appellate attorney fees.

## Facts

### A. Background

The Haugs own property near Koontz Lake in Starke County. The Haugs claim that their property line extends to the shore of Koontz Lake. The plat map referenced in the deed conveyed to the Haugs when they purchased the property, however, depicts the Haugs' plots with boundary lines that end just shy of the lakefront. The County claims that the area between the Haugs' property lines and the lakefront is a public beach. The Haugs argue that their property extends to the lakefront and that the public beach was never used as such until recently.

### B. Federal District Court Action

On May 16, 2023, the Haugs filed an action in the United States District Court for the Northern District of Indiana, in which they alleged that the County had

converted their private lakefront property into a public beach without just compensation, thereby constituting an unconstitutional taking under the Fifth Amendment. After the deadline for the amendment of pleadings had passed, the Haugs filed a motion in the District Court seeking leave to file an amended complaint that would add two counts against the County: (a) a quiet title action; and (b) an equal protection claim for their property being singled out for use as a public beach.

[7] On December 19, 2024, the District Court issued an order denying the Haugs' motion for leave to amend the complaint to add the two counts. The District Court deemed that the proposed amendments would be futile. Under federal procedure, if the claims proposed to be added to the complaint are "so legally infirm as to be futile, there is no reason to grant leave to bring them into the lawsuit." *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022). "This is 'essentially' the same as saying a party has failed to state a claim." Appellant's App. Vol. II p. 67 (quoting *Thomas*, 39 F.4th at 841). The District Court determined that the quiet title claim did not meet the requirements of Indiana's quiet title statute[1] and instead appeared to be a claim of adverse possession, which cannot be brought against a governmental unit in Indiana. *See Ind. Dep't of Nat. Res. v. Ritz*, 945 N.E.2d 209, 215 (Ind. Ct. App. 2011), *trans. denied*.[2]

---

[1] Ind. Code § 32-30-3-14.

[2] The Haugs' takings claim remains pending before the District Court as of the date of this opinion.

## C. State Court Action

On March 7, 2025, the Haugs brought a quiet title action in Starke Circuit Court against Christian J. Koch, Ignatius A. Schimek, "Unknown Parties," and "All Persons Unknown, Claiming Any Legal or Equitable Right, Title, Estate, Lien, or Interest in the Property." Appellant's App. Vol. II p. 26 (capitalization altered). The Haugs alleged that they have possession of the disputed area by both title and, alternatively, through adverse possession.

The County filed an appearance in this cause and, on April 7, 2025, filed a motion for summary judgment. The County argued that the District Court's order denying the Haugs permission to amend their complaint to add the quiet title action was a judgment on the merits and that the Haugs' current quiet title action was barred by res judicata. The Haugs responded to the County's motion on April 30, 2025, by filing a motion to strike a land appraisal report designated by the County. And on May 6, 2025, the Haugs filed a response to the County's motion for summary judgment along with a designation of evidence. The Haugs argued that the District Court's denial of the motion for leave to amend was not a judgment on the merits and did not have preclusive effect.

On June 9, 2025, the Haugs filed a second motion to strike in which they asked the trial court to strike all of the County's filings on the ground that the County lacked standing. The Haugs argued that the County presented no evidence of any legal interest in the disputed property because the County had no recorded title to the property.

The trial court held a hearing on the pending motions on June 2, 2025, and issued two orders on July 7, 2025. The first order granted the County's motion for summary judgment. The second order denied the Haugs' second motion to strike as "unreasonable and groundless," and ordered the Haugs to pay the County attorney fees pursuant to Indiana Code Section 34-52-1-1(b). On July 23, 2025, the trial court entered a separate order awarding the County attorney fees in the amount of $1,135.20, based on an affidavit submitted by the County's attorney. The Haugs now appeal.

## Discussion and Decision

### I. The trial court did not err by granting the County's motion for summary judgment.

#### A. Summary Judgment

Our Supreme Court has explained our review of rulings on motions for summary judgment as follows:

> We review summary judgment decisions de novo, and Trial Rule 56(C) supplies the framework. The moving party is entitled to summary judgment only if the evidence it designates in support of its motion "shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). Like a motion for judgment on the evidence, the purpose of summary judgment is to withdraw issues from the jury only when there are no factual issues for the jury to decide. Summary judgment is available when the nonmovant **cannot prove** its claim based on the undisputed evidence, and judgment on the evidence is available when the nonmovant **has not** proved its claim because no reasonable jury could find for it.

*Cave Quarries, Inc. v. Warex LLC*, 240 N.E.3d 681, 685 (Ind. 2024) (citation modified) (emphasis in original).

[13] The summary judgment movant has the burden of making a prima facie showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Burton v. Benner*, 140 N.E.3d 848, 851 (Ind. 2020). The burden then shifts to the non-moving party which must then show the existence of a genuine issue of material fact. *Id.* On appellate review, we resolve "[a]ny doubt as to any facts or inferences to be drawn therefrom . . . in favor of the non-moving party." *Id.* "We limit our review to the materials designated at the trial level." *Gunderson v. State, Ind. Dep't of Nat. Res.*, 90 N.E.3d 1171, 1175 (Ind. 2018).

### B. Res Judicata

[14] Indiana courts recognize two types of preclusion—"res judicata and collateral estoppel—also referred to as claim preclusion and issue preclusion." *Miller v. Patel*, 212 N.E.3d 639, 646 (Ind. 2023) (emphasis omitted). Both types of preclusion exist to "'relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication.'" *Id.* (quoting *United States v. Mendoza*, 464 U.S. 154, 158 (1984)).

[15] At issue here is claim preclusion, which bars "'subsequent litigation on the same claim between identical parties.'" *Id.* (quoting *Edwards v. Edwards*, 132

N.E.3d 391, 396 (Ind. Ct. App. 2019)). The four requirements for claim preclusion are:

> (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the former action must have been between the parties to the present suit or their privies.

*Id.* (quoting *Afolabi v. Atl. Mortg. & Inv. Corp.*, 849 N.E.2d 1170, 1173 (Ind. Ct. App. 2006)).[3]

[16]    Here, it is apparent that the District Court was a court of competent jurisdiction; the Haugs concede that it is. *See also England v. Dana Corp.*, 259 N.E.2d 433, 436 (Ind. App. 1970) (noting presumption that federal district court has competent jurisdiction). It is also apparent that the matter now in issue was, or could have been, determined in the prior action; the Haugs tacitly admit this by arguing that they could have filed, and could still file, a motion for leave to amend their federal complaint to fully comply with the requirements of the Indiana quiet title statute. Also, the controversy adjudicated in the prior federal action was between the same parties—the Haugs and the County. Accordingly,

---

[3] In contrast, issue preclusion, also known as collateral estoppel, forecloses any "'subsequent re-litigation of the same fact or issue where that fact or issue was necessarily adjudicated in a former suit and the same fact or issue is presented in the subsequent lawsuit.'" *Miller*, 212 N.E.3d at 646 (quoting *Tofany v. NBS Imaging Sys., Inc.*, 616 N.E.2d 1034, 1037 (Ind. 1993)). The three requirements for issue preclusion are: (1) a final judgment on the merits in a court of competent jurisdiction; (2) identity of the issues; and (3) the party to be estopped was a party or the privity of a party in the prior action. *Id.* (quoting *Nat'l Wine & Spirits, Inc. v. Ernst & Young, LLP*, 976 N.E.2d 699, 704 (Ind. 2012)).

the only real dispute here is over the second element of claim preclusion, i.e., whether the former judgment was rendered on the merits.

In reaching this determination, we look to the law of the jurisdiction where the judgment was entered. *See N. Ind. Commuter Transp. Dist. v. Chicago SouthShore & S. Bend R.R.*, 685 N.E.2d 680, 688 (Ind. 1997) (noting that the preclusive effect Indiana must accord judgments from another jurisdiction depends on the effect that judgment would be given in that jurisdiction); *see also H.A.L. NY Holdings, LLC v. Guinan*, 958 F.3d 627, 632 (7th Cir. 2020) ("[T]he general rule is that the res judicata effect of a federal judgment is a matter of federal common law").[4]

### C. The District Court's denial of the motion for leave to amend was a judgment on the merits.

As the District Court itself noted, under federal law, the denial of a motion for leave to amend is essentially the same as saying that a party has failed to state a claim. Appellant's App. Vol. II p. 67 (citing *Thomas,* 39 F.4th at 841). It is well-settled federal law that an order granting a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on

---

[4] The Haugs' reliance on *Thacker v. Bartlett*, 785 N.E.2d 621 (Ind. Ct. App. 2003), is accordingly misplaced. In that case, we recognized that a dismissal under Indiana Trial Rule 12(B)(6) for failure to state a claim is without prejudice because the plaintiff "remains able to file an amended complaint within the parameters of [that] rule." *Id*. at 624. "Such a dismissal also does not usually operate as an adjudication on the merits and is not res judicata." *Id*. Under Indiana law, a Trial Rule 12(B)(6) dismissal "becomes an adjudication on the merits only after the complaining party opts to appeal the order instead of filing an amended complaint." Here, however, we must consider whether the District Court's denial of the Haugs' motion for leave to amend was a judgment on the merits under federal law. *N. Ind. Commuter Transp. Dist.*, 685 N.E.2d at 688.

the merits. *Fed. Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (citing *Angel v. Bullington*, 330 U.S. 183, 190 (1947); *Bell v. Hood*, 327 U.S. 678, 682 (1946)); *see also Davis v. Lambert*, 388 F.3d 1052, 1058 (7th Cir. 2004) (holding that a claim dismissed for failure to state a claim is a judgment on the merits for purposes of res judicata).

The same applies to the denial of a motion to amend a claim. As the Seventh Circuit has explained:

> While our circuit has not yet decided whether the denial of a motion to amend constitutes a decision on the merits for res judicata purposes, **other circuits have uniformly found that res judicata applies in such a situation**. *Christman v. Saint Lucie Cty., Fla.*, 509 Fed. Appx. 878, 879 (11th Cir. 2013) (unpublished); *Hatch v. Trail King Indus., Inc.*, 699 F.3d 38, 45-46 (1st Cir. 2012); *King v. Hoover Grp., Inc.*, 958 F.2d 219, 222-23 (8th Cir. 1992) ("It is well settled that denial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading."); *see also, e.g., Huck v. Dawson*, 106 F.3d 45, 49-50 (3d Cir. 1997).

*Arrigo v. Link*, 836 F.3d 787, 799 (7th Cir. 2016) (emphasis added); *see also* 18 Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 4412 (2d ed. 2016) (noting that an order that denies leave to amend the pleadings "bars a second action on the part excluded from the first action" under the doctrine of claim preclusion) (quoted in *Arrigo*, 836 F.3d at 799).[5] The *Arrigo* Court appears

---

[5] When a motion to amend is denied, the plaintiff's only recourse is appeal. *Arrigo*, 836 F.3d at 799 (citing *Johnson v. SCA Disposal Servs. of New Eng., Inc.*, 931 F.2d 970, 976 (1st Cir. 1991)).

to have adopted this rule, as it held that the district court's denial of the plaintiff's motion to amend barred the same claim in a subsequent action. *Arrigo*, 836 F.3d at 799-800.

Nevertheless, the Haugs contend that the District Court's denial of their motion for leave to amend did not constitute a judgment on the merits because the order did not expressly state that the denial was "with prejudice" and because the phrase "futile at this stage of the pleadings" signals an absence of finality, i.e., that the Haugs could seek leave to amend again at some later point. We are not persuaded.

The Eighth Circuit has explicitly held that "dismissing a claim without prejudice is not a judgment on the merits, but denying a motion to amend is a final judgment on the merits for the purposes of claim preclusion." *Satanic Temple v. City of Belle Plaine, Minn.*, 80 F.4th 864, 871 (8th Cir. 2023). "'This is so even when denial of leave to amend is based on reasons other than the merits.'" *Id.* (quoting *Prof'l Mgmt. Assocs., Inc. v. KPMG LLP*, 345 F.3d 1030, 1032 (8th Cir. 2003) (per curiam)).

Here, the District Court did not simply identify a procedural defect that could be corrected later and dismiss the claim; it assessed the legal sufficiency of the Haugs' quiet title claim under the standard of Federal Rule of Civil Procedure 12(b)(6), determined it was deficient, and denied the motion to amend. The District Court's use of the phrase "at this stage of the pleadings" appears to be

more of a recognition that the amendment deadline had already passed, not a reservation of the Haugs' right to relitigate the issue.

[23] This means that the County has shown that all of the requirements for claim preclusion apply to the Haugs' quiet title action in Indiana state court: (1) the judgment was rendered by the District Court—a court of competent jurisdiction; (2) the former judgment—the denial of the Haugs' motion for leave to amend to file a quiet title claim—was a judgment on the merits under federal law; (3) the matter now at issue—the quiet title action—was or could have been determined in the prior action; and (4) the matter adjudicated in the former action was between the parties to the present suit. *See Miller*, 212 N.E.3d at 646.

[24] Because all of the elements of claim preclusion apply, Indiana courts must give preclusive effect to the District Court's judgment on the merits. *See England*, 259 N.E.2d at 436 (holding that federal district court's order granting a motion to dismiss for failure to state a claim was a final judgment on the merits and, therefore, barred state action asserting the same claim); *Satanic Temple*, 80 F.4th at 871 (holding that denial of leave to amend a complaint in prior action was a judgment on the merits and acted to bar claims plaintiff sought to assert in a subsequent action); *King v. Hoover Grp., Inc.*, 958 F.2d 219, 222-23 (8th Cir.

1992) (same).[6] We, therefore, affirm the trial court's grant of summary judgment in favor of the County.

## II. The trial court did not abuse its discretion by denying the Haugs' motion to strike and awarding attorney fees.

[25] The Haugs also argue that the trial court abused its discretion by denying their second motion to strike, in which the Haugs claimed that the County lacked standing, and by awarding attorney fees based on the meritlessness of that motion. A trial court's order on a motion to strike is reviewed for an abuse of discretion. *Williams v. Tharp*, 914 N.E.2d 756, 769 (Ind. 2009); *Allstate Ins. Co. v. Hatfield*, 28 N.E.3d 247, 248 (Ind. Ct. App. 2015). A trial court abuses its discretion only when its decision is clearly against the logic and effect of the facts and circumstances before it. *Hatfield*, 28 N.E.3d at 248.

[26] Our Supreme Court has explained that "[s]tanding asks 'whether a litigant is entitled to have a court decide the substantive issues of the claims presented.'" *Morales v. Rust*, 228 N.E.3d 1025, 1033 (Ind. 2024) (quoting *Holcomb v. Bray*, 187 N.E.3d 1268, 1285 (Ind. 2022)), *reh'g denied*, *cert. denied*, ___ U.S. ___, 145 S. Ct. 177 (2024). For a party to have standing, they must show that "'their rights are implicated in such a way that they could suffer an injury.'" *Id*.

---

[6] The County cites *Smith v. Buss*, 237 N.E.3d 647, 2024 WL 2765244 (Ind. Ct. App. May 30, 2024) (mem.), *trans. denied*. In that case, we noted that "federal courts have determined that a dismissal for failure to state a claim is a final judgment on the merits for res judicata purposes." *Id*. at *2 (citing *Tartt v. Northwest Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006)). Accordingly, we held that the federal district court's dismissal of the plaintiff's action for failure to state a claim was a final judgment on the merits and that claim preclusion barred the plaintiff's state action based on identical claims. *Id*. Although *Smith* was a memorandum decision, it can be cited for its persuasive value. *See* Ind. Appellate Rule 65(D). We find *Smith* persuasive.

(quoting *Holcomb*, 187 N.E.3d at 1287). An "injury" in this context means one that is "'personal, direct, and one the [party] has suffered or is in the imminent danger of suffering.'" *Id*. (quoting *Holcomb*, 187 N.E.3d at 1287).

[27] The Haugs filed a quiet title action naming all unknown parties and all persons unknown claiming a legal or equitable right in the property at issue. "An action to quiet title brings into issue all claims regarding the property in question." *Chmiel v. US Bank Nat'l Ass'n*, 109 N.E.3d 398, 407 (Ind. Ct. App. 2018) (citing *Consol. Coal Co. v. Mutchman*, 565 N.E.2d 1074, 1078 (Ind. Ct. App. 1990), *trans. denied*). "A plaintiff may recover only upon the strength of his own title and must show that he has legal title with a present right of possession paramount to the title of the defendant." *Id*. It is, therefore, "appropriate for a defendant [in a quiet title action] to prove that the plaintiff does not have title or interest in the property." *Id*.

[28] The Haugs' quiet title action was obviously intended to resolve the question of who owns the beachfront property at issue. The County has asserted an ownership interest in the disputed property and designated evidence that it had operated the property as a public beach for decades.[7] Thus, the County clearly has asserted an interest adverse to the Haugs' claim of possession and ownership of the property. Indeed, although the County conceded at the

---

[7] Tracy Williams, the superintendent of the Starke County Parks and Recreation Department, averred in an affidavit that the area between the Haugs' property and Koontz Lake was a public beach, known as Kramer Beach, which was maintained by the County. An affidavit by Ted Bierly, a lifelong resident of the area, averred that Kramer Beach had been a public beach for as long as he could remember.

summary judgment hearing that it had not found any evidence that it was the record title holder, the County argued that it could still be the legal owner of the property via other means, such as adverse possession, *see* Ind. Code § 32-21-7-1(b) (providing that a governmental entity may claim title to real property by adverse possession without having paid taxes and assessments due on the property), or title by acquiescence. *See Garrett v. Spear*, 998 N.E.2d 297, 304 n.5 (Ind. Ct. App. 2013) (summarizing doctrine of title by acquiescence). In fact, the County's counsel, far from admitting that it had no interest in the property, as claimed by the Haugs, argued that the County had "clearly asserted our dominion over it for many, many decades." Tr. Vol. II p. 10.

[29] Moreover, although the Haugs' federal takings claim is distinct from their quiet title claim, they are interrelated. The Haugs themselves admitted that the resolution of the quiet title claim in the present case would "directly impact the resolution" of their federal takings claim. Appellant's App. Vol. II p. 206. The fact that the Haugs themselves brought an action in federal court claiming that the County had appropriated the beachfront property without compensation shows that the Haugs recognized that the County has at least some interest in the property. We, therefore, conclude that the trial court did not err by denying the Haugs' motion to strike on grounds that the County lacked standing.

[30] The Haugs' argument regarding the award of attorney fees is wholly dependent on their argument that the trial court erred by denying their motion to strike. They present no separate argument that, even if the trial court properly denied the motion to strike, the trial court's decision to award attorney fees, or the

amount of attorney fees awarded by the court, constitute an abuse of discretion. Consequently, we cannot say that the trial court abused its discretion by awarding the County attorney fees based upon the frivolousness of the Haugs' motion to strike. *See* Ind. Code § 34-52-1-1(b) (permitting shifting of attorney fees if a trial court finds that a party engaged in frivolous or bad-faith litigation).

### III. Appellate Attorney Fees

[31] Lastly, the County requests the award of appellate attorney fees. In *Bousum v. Bousum* we explained:

> Appellate Rule 66(E) authorizes our court to also award appellate attorney's fees. Our court's discretion to award Rule 66(E) appellate attorney's fees is limited to circumstances where the appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay. [T]he sanction is not imposed to punish mere lack of merit but something more egregious. As such, our court exercises caution in awarding appellate attorney's fees because of the potentially chilling effect the award may have upon the exercise of the right to appeal.

173 N.E.3d 289, 293 (Ind. Ct. App. 2021) (internal quotations and citations omitted). Here, the Haugs' appellate arguments are unpersuasive. But we cannot say that their appeal was permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay. *See id*. We, therefore, decline to award the County appellate attorney fees.

## Conclusion

[32] The trial court properly granted the County's motion for summary judgment because the District Court's denial of the Haugs' motion for leave to amend their federal complaint to include a quiet title action was a final judgment on the merits for purposes of res judicata, thereby barring the Haugs' current quiet title claim. The trial court did not abuse its discretion by denying the Haugs' motion to strike the County's filings for lack of standing because the County has clearly asserted a legal or equitable interest in the property at issue. We, therefore, affirm the trial court's award of attorney fees. We, however, deny the County's request for appellate attorney fees. Accordingly, we affirm the trial court's judgment.

[33] Affirmed.

Bailey, J., and Kenworthy, J., concur.

ATTORNEY FOR APPELLANTS
David W. Wu
Robbins and Seville, LLC
Crown Point, Indiana

ATTORNEY FOR APPELLEES
Sean M. Surrisi
Wyland, Humphrey, Clevenger & Surrisi, LLP
Plymouth, Indiana